UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BYRON BARNES, SR.**  CIVIL ACTION

**VERSUS**  NO. 22-2179

**DOLGENCORP, LLC, ET AL.**  SECTION "I" (3)

**ORDER**

Before the Court is a Motion to Amend Notice of Removal (Rec. Doc. No. 4) filed by defendant, DG Louisiana, LLC d/b/a Dollar General, and Dolgencorp, LLC ("Defendants"). No party has filed an opposition to the motion in accordance with Local Rule 7.5, and the oral hearing on the motion is set for August 24, 2022. Defendants seek to amend their notice of removal to add paragraph VI, which states in full:

> Alternatively, if John Doe is identified and is a Louisiana citizen, diversity is still present as he has been improperly joined as a Defendant by the Plaintiff. "In this circuit, a non-diverse defendant is improperly joined such that its citizenship can be ignored for purposes of evaluating diversity jurisdiction if the removing party shows either that: (1) there was actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court." *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 812 (5th Cir. 2021). Further, under Louisiana law, a store manager or employee cannot be held liable for an injury to a third party unless the manager or employee breached an independent, personal duty to the third party, which cause the third party's injury. *Robinson v. Wal-Mart Stores, Inc.*, 2016 WL 1572078, at *2 (E.D. La. Apr. 19, 2016).

A defendant is free to amend his notice of removal within the thirty-day period provided in 28 U.S.C. § 1446(b). *Energy Catering Services, Inc. v. Burrow*, 911 F.Supp. 221, 222-23 (E.D. La. 1995). Section 1446(b) states that, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(2)(3). Further, "[i]f the case stated by the initial pleading is not removable solely because

the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record… or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A). Here, Defendants indicate that they received notice via electronic mail from Plaintiff's counsel on June 27, 2022 that the amount in controversy would exceed $75,000. (Rec. Doc. No. 4-3, p. 2). Defendants filed the initial Notice of Removal (Rec. Doc. No. 1) on July 14, 2022. The instant motion to amend was filed on July 27, 2022. Accordingly, Defendants have timely filed the motion to amend the notice of removal.

Alternatively, if the thirty-day period expires, any amendments to the removal notice must be made in accordance with 28 U.S.C. § 1653. *Id.* at 223. The jurisprudence interpreting § 1653 indicates that this section cannot be invoked to claim an entirely new and distinct jurisdictional basis. *See, e.g., Boelens v. Redman Homes, Inc.*, 759 F.2d 504 (5th Cir. 1985) (emphasizing that § 1653 is limited to curing technical defects only); *Marquette Transp. Co. v. Trinity Marine Products, Inc.*, 2007 WL 1239128, at *4 (E.D. La. Apr. 27, 2007) ("28 U.S.C. § 1653 allows pleadings, including notices of removal, to be amended prior to judgment to 'remedy inadequate jurisdictional allegations,' but not 'defective jurisdictional facts.'") (quoting *Whitmire v. Victus Ltd.*, 212 F.3d 883, 888 (5th Cir. 2000)). "In general, a motion for leave to amend should be granted if it would do nothing 'more than state an alternative jurisdictional basis for recovery upon the facts previously alleged.'" *Whitmire*, 212 F.3d at 888 (quoting *Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir. 1981)). Here, Defendants intend to state an alternative jurisdictional basis for recovery upon the same facts initially alleged.

Accordingly, as no opposition has been filed, and having reviewed the motion and

determined that it has merit,

**IT IS ORDERED** that the **Motion to Amend Notice of Removal (Rec. Doc. No. 4) is GRANTED**.

**IT IS FURTHER ORDERED** that the oral hearing on the motion set for Wednesday, August 24, 2022 is **CANCELLED**.

New Orleans, Louisiana, this 23rd day of August, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**