UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BYRON BARNES, SR. | * | CIVIL ACTION NO.: 2:22-cv-02179 |
| | * | |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| DOLGENCORP, LLC., AKA | * | JUDGE: LMA |
| DG LOUISIANA LLC D/B/A DOLLAR | * | |
| GENERAL, JOHN DOE AND XYZ | * | MAGISTRATE: DMD |
| INSURANCE | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**<u>AMENDED NOTICE OF REMOVAL</u>**

NOW INTO COURT, through undersigned counsel, come Defendants, DG Louisiana, LLC, incorrectly and improperly referred to as DG Louisiana LLC D/B/A Dollar General, and Dolgencorp, LLC who hereby remove this lawsuit to this Honorable Court, and aver the following:

**A.     Introduction**

I.

On or about June 6, 2022, Plaintiff, Byron Barnes, Jr., filed a Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana entitled "Byron Barnes, Sr. *versus Dolgencorp, LLC et al.,*" No. 828-943, "A".  Copies of the Plaintiff's Petition for Damages and citations and all process and proceedings are attached hereto as Exhibit "A" as required by 28 U.S.C. §1446(a).

**B.     The Parties and Their Citizenship**

II.

Plaintiff, Byron Barnes, Sr., is a citizen of and domiciled in the State of Louisiana.

III.

Defendant, DG Louisiana, LLC. is a foreign single member limited liability company organized under the laws of the State of Tennessee. Defendant, Dolgencorp, LLC, is a foreign limited liability company organized under the laws of the State of Kentucky.

IV.

Defendant's, DG Louisiana, sole member is Dolgencorp LLC, a foreign limited liability company organized under the laws of the State of Kentucky. Dolgencorp LLC's sole member is Dollar General Corporation, a foreign corporation incorporated under the laws of the State of Tennessee, domiciled in the State of Tennessee and with its principal place of business in the State of Tennessee. Therefore, DG Louisiana and Dolgencorp LLC are, in turn, citizens of Tennessee.

V.

Defendants, John Doe and XYZ Insurance Company, are fictitious names; therefore, pursuant to 28 U.S.C. §1441 (1)(b)(1), their citizenship is to be disregarded. "In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." Also see *Oiler v. Biomet Orthopedics, Inc.*, 2003 WL 22174285 footnote 2 (E.D. La. 2003).

VI.

Alternatively, if John Doe is identified and is a Louisiana citizen, diversity is still present as he has been improperly joined as a Defendant by the Plaintiff. "In this circuit, a non-diverse defendant is improperly joined such that its citizenship can be ignored for purposes of evaluating diversity jurisdiction if the removing party shows either that: (1) there was actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against

the non-diverse defendant in state court." *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 812 (5th Cir. 2021). Further, under Louisiana law, a store manager or employee cannot be held liable for an injury to a third party unless the manager or employee breached an independent, personal duty to the third party, which caused the third party's injury. *Robinson v. Wal-Mart Stores, Inc.*, 2016 WL 1572078, at *2 (E.D. La. Apr. 19, 2016)

**C.     Basis for Diversity Jurisdiction**

VII.

This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 based upon diversity of citizenship.  Accordingly, removal is proper pursuant to 28 U.S.C. §1441(a).

VIII.

The following is a complete explanation of the basis for diversity jurisdiction:

a. Complete Diversity Exists Between the Parties: There is complete diversity between the parties, as the plaintiff is a citizen of the State of Louisiana and Defendants, DG Louisiana and Dolgencorp, LLC, including its constituent member and its member, are domiciled/incorporated and have principal places of business in states other than Louisiana.

b. Jurisdictional Amount:

1) Pursuant to 28 U.S.C §1332(a), the jurisdictional amount in a diversity case is $75,000.00, exclusive of interest and costs.

2) When, in alleged diversity cases, the plaintiff has alleged an indeterminate amount of damages, the removing defendant must prove by a preponderance of evidence that the amount in controversy exceeds the jurisdictional amount.  Defendant can carry this burden by showing that it

is facially apparent that the claims will exceed the jurisdiction amount, or by setting forth facts in controversy, in the removal petition or by affidavit or other summary type evidence that support a finding of the requisite amount. *Allen v. J.C. Penny,* 2000 WL 381935 (E.D. La. 2000).

3) If a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand, the amount in controversy actually exceeds § 1332 jurisdictional threshold, that Louisiana case will then resemble any other amount-in-controversy case, bringing into play the foundational rule of removal jurisdiction: The plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000.00. *Grant v. Chevron Phillips Chemical Co.,* 309 F.3d 864, 868 (5th Cir. 2002).

4) On June 12, 2021, the plaintiff, Byron Barnes, Sr., alleges that he slipped and fell on water leaking from cold food coolers at the Dollar General Store located on 1001 Bridge City Avenue, Westwego, Louisiana. In the Petition for Damages, the Plaintiff alleges that he suffered personal injuries, including, but not limited, to a broken left arm, torn and ruptured discs in his back, moderate to severe sprain, stain of lumbar spine, moderate to severe sprain/strain of sacral spine and any and all other damages proven at trial of this mater.

5) The plaintiff further alleges that as a result of the accident he has incurred past and future medical expenses, pain and suffering, loss of enjoyment of life and service to society.

6) Although it was not initially apparent from Plaintiff's Petition for Damages that the jurisdictional amount was met, on June 27, 2022, Plaintiff's counsel advised via electronic mail that the Plaintiff, Byron Barnes, Sr., was recommended and set to undergo a two (2) level ACDF and a two (2) level lumbar fusion in July 2022 Exhibit "B". The attached email notifying the Defendants for the first time that the Plaintiff is undergoing a cervical and lumbar fusion makes it clear that the Plaintiff seeks damages in excess of $75,000.00 exclusive of interest and costs.

7) Conclusion: Since the elements of complete diversity and jurisdictional amount are met, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332. *Williams v. Stockstill,* 2019 WL 581517 (E.D. La. 2019).

**D.     Removal is Timely and Proper to this Court**

IX.

This Notice is timely under the provisions of 28 U.S.C. §1446(b)(3) and (c)(3)(A) and Fed. Rule of Civ. Pro.6 because it was filed within 30 days of receipt of "other paper", electronic mail from the Plaintiff's counsel by the defendants DG Louisiana, LLC and Dolgencorp, LLC on June 27, 2022.

X.

All served and properly joined Defendants have consented and/or joined in this removal See Exhibit "C".

XI.

The 24th Judicial District Court for the Parish of Jefferson, State of Louisiana is located within the jurisdiction of the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. §1441(a) because it is the district and division embracing the place where such action in pending.

XII.

Copies of this Notice of Removal are being served on opposing counsel and being filed with the Clerk of Court of the 24th Judicial District Court, Parish of Jefferson, State of Louisiana.

XIII.

Based on the foregoing, this Court has removal jurisdiction over this action based on diversity pursuant to 28 U.S.C. §1332 and §1441(a).

WHEREFORE, Defendants, DG Louisiana, LLC, incorrectly and improperly referred to as DG Louisiana LLC D/B/A Dollar General, and Dolgencorp, LLC, hereby removes the above action, now pending against it in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana to the United States District Court for the Eastern District of Louisiana.

Respectfully Submitted:

**COURINGTON, KIEFER, SOMMERS, MARULLO & MATHERNE, L.L.C.**

*/s/ Daniel R. Estrada*
KAYE N. COURINGTON (LSBA #18582)
DANIEL R. ESTRADA (LSBA # 26632) T.A.
STEVEN M. LOZES (LSBA #8922)
616 Girod Street
New Orleans, LA 70130
Telephone: (504) 524-5510
Facsimile: (504) 524-7887

kcourington@courington-law.com
destrada@courington-law.com
slozes@courington-law.com
**ATTORNEYS FOR DEFENDANTS,
DG LOUISIANA, LLC AND DOLGENCORP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July 2022 I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Daniel R. Estrada*