IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BYRON BARNES, SR. | * | CIVIL ACTION |
| | * | |
| Plaintiff | * | NO. 2:22-cv-2179 |
| | * | |
| VERSUS | * | SECTION: "I"(3) |
| | * | |
| DOLGENCORP, LLC ET AL | * | JUDGE: LANCE AFRICK |
| | * | MAG.: DANA DOUGLAS |
| | * | |
| Defendants | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Summary judgment is not appropriate in this case. Summary judgment can only be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a).

Summary judgment must be denied when there is a genuine dispute of material fact regarding whether Dollar General created the condition, whether there was notice (actual and constructive) element, and whether the unreasonableness of the hazard element of the Merchant Liability Statute.

The question before this Court is whether summary judgment is appropriate in this case where facts that will ultimately determine essential elements in this cause of action are still hotly disputed.

In this case, pursuant to Louisiana law, plaintiff has the burden to prove that a condition on the defendant's premises "presented an unreasonable risk of harm." La. Rev. Stat. 9:2800.6

1

B(1). La. R.S. 9:2800.6 declares that a merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. *Lousteau v. K-Mart Corp.*, 03-1182 (La.App. 5 Cir. 3/30/04), 871 So.2d 618, 623, *writ denied*, 04-1027 (La. 6/25/04), 876 So.2d 835. Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons. *Trench v. Winn-Dixie Montgomery LLC,* 14-152 (La.App. 5 Cir. 9/24/14), 150 So.3d 472.

"Constructive notice" means that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. *Trench*, supra. To carry her burden of proving this temporal element required under La. R.S. 9:2800.6(B)(2), a plaintiff must present "positive evidence" of the existence of the condition prior to the accident. *Sheffie v. Wal-Mart Louisiana LLC*, 13-792 (La.App. 5 Cir. 2/26/14), 134 So.3d 80, *writ denied*, 14-0881 (La. 6/20/14), 141 So.3d 813; *Barrios v. Wal-Mart Stores, Inc.*, 00-2138 (La.App. 1 Cir. 12/28/01), 804 So.2d 905, 907, *writ denied*, 02-0285 (La. 3/28/02), 812 So.2d 636. Though there is no bright-line time period, a plaintiff must show that "`the condition existed for such a period of time....'" and that the defendant should have noticed the defect in exercising reasonable care. *Sheffie*, 134 So.3d at 84, citing *White v. Wal-Mart Stores, Inc.*, 97-0393 (La.9/9/97), 699 So.2d 1081, 1084.

If the merchant <u>created</u> the condition that caused the damage, the plaintiff does not have to prove actual or constructive notice. La. R.S. 9:2800.6 B (emphases added). See *Cole v. Brookshire Grocery Co.*, 5 So.3d 1010 (La.App. 3 Cir. 2009).

## II. RULE 56.1 STATEMENTS OF MATERIAL FACT

1. On the night of June 12, 2021, Byron Barnes went to Dollar General to purchase a can of chili for dinner.[1]

2. Mr. Barnes entered the Dollar General store and went directly to the aisle where the chili was located ("Chili Aisle").

3. When Mr. Barnes reached down to grab the can of chili off the bottom shelf, his foot slid in a wet substance, causing his legs to come out from under him and causing him to fall backwards crashing onto his head and breaking his arm.[2]

4. Once Mr. Barnes was able to get his wits about him and he realized what happened, he observed a large amount of a clear liquid substance coming from underneath the shelving unit separating the Chili Aisle from the next aisle, which housed the cooler/freezer zone along the side wall of the store ("Cooler Aisle").[3]

5. When Mr. Barnes walked to the end of the Chili Aisle, he saw the Cooler Aisle covered in water coming from underneath the coolers and seeping underneath the shelving into the Chili Aisle where he fell.[4]

6. He also observed a water absorbing device underneath the cooler believed to be made by the company PIG (which he referred to as a "pigtails"[5]). The absorption device he observed is commonly used by merchants to prevent leaks from under freezers, coolers and equipment from spreading into walkways.[6] However, it was clear to him that the leak was there for such an extended amount of time that the absorbers were no longer effective.

7. Dollar General employees had actual notice that the coolers needed repair for months prior to Mr. Barnes' fall and reported issues with the coolers up to Dollar General's corporate office.[7]

---

[1] See Exhibit 1, Barnes deposition p 46
[2] See Exhibit 1, Barnes deposition p 50
[3] See attached photos as Exhibit 2 (Barnes Initial Disclosures 84); See Exhibit 1, Barnes deposition p 64-66
[4] See attached photos as Exhibit 3 (Barnes Initial Disclosures 88-89)
[5] See Exhibit 1, Barnes deposition pp 69-70
[6] See Exhibit 4, attached printout from PIG website
[7] See Exhibit 5 *in globo*

3

8. On April 20, 2021, the Dollar General store manager entered a company maintenance work order reporting problems with one of the freezers located on the Cooler Aisle of the store.[8]

9. Weeks later, on May 1, 2021, the Dollar General store manager entered another company maintenance work order documenting problems with the coolers located on the Cooler Aisle of the store.[9]

10. On May 14, 2021, the same company maintenance work order that was still pending was escalated to a critical status in Dollar General's system.[10]

11. On May 31, 2021, the Dollar General store manager reported that "all coolers are not keeping temperature" on the Cooler Aisle. The work order was escalated again to critical.[11]

12. On June 8, 2021, the same problem persisted with the coolers and yet another company maintenance work order was again entered into Dollar General's system.[12]

13. On June 14, 2021—just 2 days after Mr. Barnes fell and reported his fall to Dollar General store employees and management – Dollar General's district manager and designated corporate representative "added notes to [the same maintenance work order] to actually get some attention to the ticket for whatever reason," further showing that Dollar General did fail to address a known condition that created a slip hazard to customers.[13]

14. Dollar General, through its district manager and designated corporate representative, admitted that Dollar General:

    a. has a responsibility to keep its stores free from slip hazards, and
    b. the liquid that caused Mr. Barnes' fall that covered the Cooler Aisle and seeped into the Chili Aisle created a slip hazard and should not have been there if Dollar General store safety policy was followed.[14]

---

[8] See Exhibit 5, page 1 (30(b)(6) of Dollar General – Doc Production 000426)
[9] See Exhibit 5, page 2 (30(b)(6) of Dollar General – Doc Production 000427)
[10] See Exhibit 5, page 3 (30(b)(6) of Dollar General – Doc Production 000428)
[11] See Exhibit 5, page 4 (30(b)(6) of Dollar General – Doc Production 000429); See Exhibit 2 and 3
[12] See Exhibit 5, page 5 (30(b)(6) of Dollar General – Doc Production 000430)
[13] See Exhibit 6, DG Louisiana deposition pp 127
[14] See Exhibit 6, DG Louisiana deposition pp 160-161

**III. LAW & ANALYSIS**

La. R.S. 9:2800.6 requires, among other things, that the plaintiff show that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence" and that "[t]he condition presented an unreasonable risk of harm."

1. **If the merchant created the condition that caused the damage, the plaintiff does not have to prove actual or constructive notice.**

If the merchant created the condition that caused the damage, the plaintiff does not have to prove actual or constructive notice:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either **created** or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6 B (emphases added). See *Cole v. Brookshire Grocery Co.*, 5 So.3d 1010 (La.App. 3 Cir. 2009).

Here, Dollar General blatantly turned a blind eye to the maintenance work orders to fix mechanical failures that presented an unreasonable risk of harm to customers for months prior to Mr. Barnes' fall.

5

Dollar General failed to exercise reasonable care to address the foreseeable risk that the freezers and coolers with the known mechanical failure of the compressors—the component that regulates their temperature--presented to customers such as Mr. Barnes.

**2. Either actual or constructive notice satisfies the notice element of La. R.S. 9:2800.6.**

The statute clearly states that actual "or" constructive notice suffices. Louisiana courts treat actual notice and constructive notice as self-sufficient theories of recovery. *See, e.g., Davis v. Cheema, Inc.*, 2014-1316 (La. App. 4 Cir. 5/22/15), 171 So.3d 984, 985-86. Here, there is valid summary judgment evidence supporting Mr. Barnes' showing of both actual and constructive notice.

**a. Dollar General had Actual Notice of the Condition Prior to Mr. Barnes' Fall**

Perhaps because actual notice is a relatively straightforward inquiry, few cases evaluate what constitutes actual notice. However, some cases do address it, including *Leggett v. Dolgencorp, LLC*, 2017 WL 4791182, *3 (E.D. La. 2017) (slip copy) and *Jones v. Super One Foods/Brookshires Grocery Co.*, 774 So.2d 200, 206 (La. App. 2 Cir. 2000). The *Leggett* court concluded that even something as attenuated as an employee having knowledge that "a surface remains, or is likely to remain, wet is sufficient to show actual notice of a hazardous condition." *Leggett,* 2017 WL 4791182 at *3. In *Jones* the court held that there was actual notice when more than one store employee knew that a spill had occurred in the area of the plaintiff's fall; the employee who mopped the spill up acknowledged that the area was still wet approximately 15-30 minutes later, at the time of the fall; and the utility clerk was aware that liquid could seep under the mats and squish out when stepped on. 774 So.2d at 206.

Dollar General's own maintenance work orders requesting repair of mechanical failures of the coolers – went ignored for months – and its use of PIG water absorption devices under the leaking coolers confirm Dollar General had actual notice and were aware of the foreseeable dangers the cooler's condition presented to customers like Mr. Barnes prior to his fall.

On April 20, 2021, the Dollar General store manager entered a company maintenance work order reporting problems with one of the freezers located on the Cooler Aisle of the store. Weeks later, on May 1, 2021, the Dollar General store manager entered another company maintenance work order documenting problems with the coolers located on the Cooler Aisle of the store. On May 14, 2021, the same company maintenance work order that was still pending was escalated to a critical status in Dollar General's system. On May 31, 2021, the Dollar General store manager reported that "all coolers are not keeping temperature" on the Cooler Aisle. The work order was escalated again to critical. On June 8, 2021, the same problem persisted with the coolers and yet another company maintenance work order was again entered into Dollar General's system. On June 14, 2021—just 2 days after Mr. Barnes fell and reported his fall to Dollar General store employees and management – Dollar General's district manager and designated corporate representative "added notes to [the same maintenance work order] to actually get some attention to the ticket for whatever reason," further showing that Dollar General failed to address a known condition that created a slip hazard to customers. Based on these facts, Dollar General employees had actual notice that the coolers needed

7

repairing for months prior to Mr. Barnes' fall and reported these same issues with the coolers up to Dollar General's corporate office.

**b. Dollar General had Constructive Notice of the Condition Prior to Mr. Barnes' Fall**

Constructive notice exists when "the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). The presence of a merchant's employee in the vicinity in which the condition exists can constitute constructive notice when it is shown that the, in the exercise of reasonable care, the employee should have known of the condition. *Id*. There is no bright line rule for the amount of time a plaintiff must show to establish constructive notice. *Beggs v. Harrah's New Orleans Casino*, 14-0725, p.10 (La. App. 4 Cir. 1/21/151), 158 So.3d 917, 923 (citing *Kennedy v. Wal–Mart Stores, Inc.,* 98–1939 (La.04/13/99), 733 So.2d 1188, 1190–91 (citing *White,* 97–0393 at pp. 4–5, 699 So.2d at 1084–85) (footnote omitted))). A plaintiff need not produce an eyewitness who will testify that the hazardous condition existed for a certain amount of time before the fall; rather, a factfinder can reach this conclusion through circumstantial evidence. *Bassett v. Toys "R" Us Delaware, Inc.,* 36,434, p. 3 (La.App. 2 Cir. 12/30/02), 836 So.2d 465, 469.

In this case, Dollar General's circular logic presupposes that all Dollar General employees followed protocol, even though there is no evidence to support this. In the documents produced by Dollar General in response to the 30(b)(6) Notice of Deposition, their own policy states "do not leave rolltainers unattended during operating hours".[15] As can be seen in Exhibit 3, it was obvious that rolltainers were placed in the vicinity of the spill. Had employees been attending to the

---

[15] See Exhibit 7, Dollar General Store Employee Safety Handbook (p. 11)

rolltainers it would be clear that they had sufficient time to notice the large amount of water on the floor in the cooler/freezer zone.

3. **Merchants have a duty to keep their aisles and floors free of any condition that creates an unreasonable risk of harm, but they do not need to protect against hazards that are open and obvious to everyone.**

    a. **Merchants have a duty to keep their aisles and floors free of any condition that creates an unreasonable risk of harm.**

A merchant has an affirmative duty to keep his aisles and floors in a reasonably safe condition for the benefit of persons who use the premises. La. Rev. Stat. 9:2800.6(A). As part of his prima facie case under this statute, a plaintiff must show that the hazardous condition presented an unreasonable risk of harm to the claimant. La. Rev. Stat. 9:2800.6(B)(1). One key inquiry when assessing the unreasonableness of the risk is whether the condition is obvious and apparent; if the condition is obvious and apparent then the merchant has no duty to protect from it. However, obviousness is a high bar: for a condition to be "obvious and apparent, the hazard should be one that is open and obvious to everyone who may potentially encounter it. *Bertaut v. Corral Gulfsouth, Inc.*, 16-93 (La. App. 5 Cir. 12/21/16), 209 So.3d 352, 356-57 (emphasis added); *Bufkin v. Felipe's Louisiana, LLC*, 2014-0288 (La. 10/15/14), 171 So.3d 851, 856 Broussard v. State ex rel. Office of State Buildings, 12–1238 (La. 4/5/13), 113 So.3d 175, 184; Hutchinson v. Knights of Columbus, Council No. 5747, 03–1533 (La. 2/20/04), 866 So.2d 228, 234. The facts of a particular case determine whether the complained of condition should be obvious to all. *Upton v. Rouse's Enterprise, LLC*, 15-484 (La. App. 5 Cir. 2/24/16), 186 So.3d 1195, 1200. While a spilled liquid may not constitute an open and obvious hazard, it can be made open and obvious by putting up warning signs. *Id.* at 923.

In the current case, there are questions of fact involving the exact nature and cause of the dangerous condition. There were Dollar General employees that were unloading and stocking merchandise from the rolltainers--that they themselves placed along the Cooler Aisle—in the vicinity of the clear liquid that over time made its way to the Chili Aisle. These disputed facts preclude summary judgment, because they go directly to whether the clear liquid that seeped from the coolers in the Cooler Aisle into the Chili Aisle was an unreasonably hazardous condition. Here, unlike in *Upton*, Dollar General had not taken steps to make the spill open and obvious—by putting up warning or wet floor signs, for example. In this case, the hazardous condition created an unreasonable risk of harm and was not open and obvious, so this Court should find that Mr. Barnes satisfied the hazardous condition element of his claim.

### b. A plaintiff need not constantly scrutinize his surroundings, looking for hidden dangers.

A plaintiff "is not required to look for hidden dangers, but . . . is bound to observe his course to see if his pathway is clear and is held to have seen those obstructions in his pathway which would be discovered by a reasonably prudent person exercising ordinary care under the circumstances. *Lofton v. Hayward*, 2000-2019 (La. App. 4 Cir. 01/09/02), 806 So.2d 877, 882-83. In other words, a reasonably prudent person would see an open and obvious condition but may not see other hazardous conditions.

Mr. Barnes was doing just what a reasonable person would do: he was focusing on grabbing the can of chili off of the shelf for a late dinner, not expecting there to be liquid substance seeping under the shelf from the cooler/freezer zone. Mr. Barnes was not obligated to scrutinize the floor and stare down the entire time he walked to fulfill his duty to pay attention to obvious hazards. In

10

fact, arguably, the only people who should have been scrutinizing the floor closely enough to see this hazard were the very Dollar General employees that were unloading and stocking merchandise from the rolltainers--that they themselves placed on the Cooler Aisle--immediately in the vicinity of the clear liquid that over time made its way to the Chili Aisle. Mr. Barnes was being fully attentive to his immediate surroundings and fulfilled his duty to observe everything he needed to observe. Should this Court find that Mr. Barnes should have scrutinized the floor, it would essentially be shifting Dollar General's duty to provide reasonably safe aisles and passageways onto a careful customer who was already fulfilling his duty.

### III. CONCLUSION

Because Dollar General had both actual and constructive notice of the spill; because there are disputed facts regarding the source of the spill that directly determine how reasonable a risk it was; and because Mr. Barnes fulfilled his duties of attentiveness, this Court should DENY Dollar General's Motion for Summary Judgment in full.

                Respectfully Submitted,

                BAER LAW, LLC

BY:    */s/Jason M. Baer*_____
        JASON M. BAER (# 31609)
        CASEY C. DEREUS (#37096)
        JOSHUA A. STEIN (# 37885)
        3000 Kingman Street, Suite 200
        Metairie, LA 70006
        Telephone: (504) 372-0111
        Facsimile: (504) 372-0151
        Email: jbaer@baerlawllc.com
        Email: cdereus@baerlawllc.com
        Email: jstein@baerlawllc.com
        Counsel for Plaintiff

AND

TOM HARANG LAW, LLC
TOM HARANG, BAR ROLL #36135
2121 N. Causeway Blvd., Suite 259
Metairie, LA 70001
tel.504.313.5821
fax.504.410.3922
tom@tomharanglaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 14th day of March, 2023 served a copy of the foregoing pleading to all parties to this proceeding by facsimile, electronic mail and/or depositing same in the United States Mail, properly addressed and postage prepaid.

*/s/ Jason M. Baer*