UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BYRON BARNES, SR.**                                                      **CIVIL ACTION**

**VERSUS**                                                                           **No. 22-2179**

**DOLGENCORP, LLC ET AL.**                                        **SECTION I**

### ORDER & REASONS

Before the Court is a motion[1] for summary judgment filed by defendant Dollar General Louisiana, LLC ("Dollar General"). Plaintiff Byron Barnes, Sr. ("Barnes") opposes[2] the motion.

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, a court determines that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why conclusory allegations should

---

[1] R. Doc. No. 46.
[2] R. Doc. No. 55.

suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Rather, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted).

If the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must then articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2). These facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "A non-movant will not

avoid summary judgment by presenting speculation, improbable inferences, or unsubstantiated assertions." *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 673 (5th Cir. 2015) (quotation and citation omitted). The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Anderson*, 477 U.S. at 255. When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). If the nonmovant fails to meet their burden of showing a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075–76.

The Court, having considered the parties' memoranda and exhibits, concludes that there are genuine disputes of material fact in this matter. The Court will deny the motion for summary judgment. Accordingly,

**IT IS ORDERED** that Dollar General's motion for summary judgment is **DENIED**.

New Orleans, Louisiana, March 31, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**