UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BYRON BARNES, SR.** | * | **CIVIL ACTION NO.: 2:22-cv-02179** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **DOLGENCORP, LLC., AKA** | * | **JUDGE: LMA** |
| **DG LOUISIANA LLC D/B/A DOLLAR** | * | |
| **GENERAL, JOHN DOE AND XYZ** | * | **MAGISTRATE: MBN** |
| **INSURANCE** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIRD PARTY COMPLAINT AGAINST HUSSMAN CORPORATION AND XYZ INSURANCE ON BEHALF OF DEFENDANT/THIRD-PARTY PLAINTIFF, DG LOUISIANA, LLC**

NOW INTO COURT, through undersigned counsel, comes Defendant/Third-Party Plaintiff, DG Louisiana, LLC, and who files this Third-Party Complaint, as follows:

I.

Made Third-Party Defendants:

(1) Hussman Corporation, a foreign corporation licensed to do and doing business in the State of Louisiana.

(2) XYZ Insurance Company, an insurance company providing insurance coverage to Hussman Corporation and DG Louisiana, LLC

II.

The Honorable Courts has jurisdiction of this matter pursuant to 28 U.S.C §1367.

**I.   DEFENSE AND INDEMNITY**

III.

Defendant/Third-Party Plaintiff, DG Louisiana, LLC, has been named as a Defendant in the above entitled and captioned matter filed on behalf of Plaintiff, Byron Barnes, Sr., which

**EXHIBIT A**

stems from an alleged slip and fall incident due to a leaking Hussman Corporation cooler, on or about June 12, 2021, at a Dollar General Store located 1001 Bridge City Avenue, Westwego, LA, 70094.

IV.

DG Louisiana, LLC denied and continues to deny any liability and fault for the alleged injuries of the Plaintiff and hereby re-alleges and reasserts all of its answers and defenses previously filed herein.

V.

At the time of the Plaintiff's alleged injury, a products and master service agreement was in effect between DG Louisiana, LLC and the named Third-Party Defendant, Hussman Corporation. The products and master service agreement contains a defense and indemnity and insurance provision. In sum, the indemnity provision states that Hussman Corporation will agree to indemnify defend and hold harmless DG Louisiana, LLC from any and all claims, actions, costs, expenses, damages and liabilities, including reasonable attorney's fees relating to or arising out of: (a) death or bodily injury or damage to real or personal property, to the extent caused by the negligence or misconduct of their respective employees or other authorized agents in connection with their activities within the scope of this agreement; (b) breach of any representation or warranty contained in this agreement...."

VI.

The Plaintiff has alleged, stated and testified that his incident and injuries were caused by the Third-party Defendant due to the Third-Party Defendant's malfunctioning, defective and leaking cooler it manufactured, sold and installed at the Dollar General store. The cooler was found to have a defective or improperly manufactured or installed compressor.

VII.

The Third-Party Defendant was obligated to provide DG Louisiana, LLC with a safe, functioning and defect free cooler which it did not. Further, the Third-Party Defendant was obligated to install properly and safely and timely repair the malfunctioning, defective and leaking cooler which it did not do. Therefore, the Third-Party Defendant is contractually obligated to defend and indemnify and hold harmless DG Louisiana, LLC for the claims asserted by the Plaintiff.

VIII.

Additionally, pursuant to the products and master service agreement, the Third-Party Defendant was to procure and to keep in force and effect commercial general liability and umbrella insurance and name DG Louisiana, LLC as an additional insured.

IX.

Any failure by the Third-Party Defendant to procure insurance, name DG Louisiana, LLC as an additional insured and/or any failure to otherwise comply with its obligations to protect the interests of DG Louisiana, LLC constitutes a contractual breach by the Third-Party Defendant which would entitle DG Louisiana, LLC to all damages for this contractual breach. Additionally, the Third-Party Defendant must otherwise fulfill the obligations and provide the protection owed to and in favor of DG Louisiana, LLC.

X.

Pursuant to the products and master service agreement, DG Louisiana, LLC tendered its defense to Third-Party Defendant and requested it assume the defense of this matter pursuant to the agreement. However, the Third-Party Defendant has failed and/or refused to assume the

defense of DG Louisiana, LLC and indemnify. As a result of this failure to defend and indemnify, DG Louisiana, LLC is entitled to all damages sustained, including, but not limited to, all attorney's fee and costs incurred, damages for breach of contract as well as any indemnity with respect to any judgment which may be rendered against it.

## II. PRODUCTS LIABILLITY

### XI.

Additionally, the Third-Party Defendant was negligent and liable to DG Louisiana, LLC and to the Plaintiff pursuant to the Louisiana Products Liability Act, La. R.S. 9:2800. 51 et seq.

### XII.

The leaking and defective cooler that the Plaintiff, Byron Barnes, Sr., alleges caused his incident was manufactured, sold and installed at the Dollar General store by Third-Party Defendant, Hussman Corporation.

### XIII.

Apparently, the cooler had a defective compressor that was not operating or properly installed prior to the Plaintiff's alleged incident. The compressor was repaired/replaced by the Third-Party Defendant's and its employees only after the Plaintiff's alleged incident. Therefore, the cooler was unreasonably dangerous in construction and composition and for reasonably anticipated use and this dangerous characteristic existed at the time the product left Hussman Corporation's control.

### XIV.

Further, the cooler was unreasonably dangerous because it did not conform to express warranties made by Third-Party Defendant, Hussman Corporation in favor of DG Louisiana, LLC.

XV.

Further, Hussman Corporation failed to provide an adequate warning regarding this defective cooler and its malfunctioning compressor.

### III. BREACH OF CONTRACT AND WARRANTIES AND DEFENSE AND INDEMNITY

XVI.

Additionally, the Third-Party Defendant is liable to DG Louisiana, LLC and the Plaintiff and owes defense and indemnity due to its breach of warranties contained in the products and master service agreement.

XVII.

At the time of the Plaintiff's alleged injury, a products and master service agreement was in effect between DG Louisiana, LLC and the named Third-Party Defendant, Hussman Corporation. The products and master service agreement contained several warranties from Hussman Corporation in favor of DG Louisiana, LLC.

XVIII.

The agreement states that Hussman Corporation warrants that its products, such as cooler, will be free from defects in material and workmanship under normal use and workmanship and service for a period of 15 months from the date of Dollar General's receipt of the products. Hussman Corporation additionally warranted that the products it supplied to Dollar General are safe when used for their intended or reasonably foreseeable purpose. Further, Hussman Corporation agreed that each product provided, supplies, installed will be in good working order when installed and ready for use.

XIX.

The agreement further states that Hussman Corporation is solely responsible for its employees and any subcontractors or other third parties it engages in the performance of the services or manufacture or delivery of the Products pursuant to this agreement. Any breach of this agreement by Hussman's employees, subcontractors or suppliers will be deemed a breach by Hussman Corporation.

XX.

Because the cooler was defective, not in good working order and operable when manufactured, sold and installed, the Third-Party Defendant, Hussman Corporation, has breached its express warranties and the products and master service agreement. Because the cooler was not installed properly and safely nor timely repaired, Hussman Corporation, has breached its express warranties and the products and master service agreement. Therefore, Hussman Corporation is liable to DG Louisiana, LLC for damages due to its breach of warranties and the master service agreement and the Plaintiff. Additionally, Hussman Corporation owes DG Louisiana, LLC defense and indemnity due to this breach of warranties.

IV. LEGAL AND/OR TORT INDEMNITY

XXI.

Alternatively, DG Louisiana, LLC is entitled to legal and/or tort indemnity, by operation of Louisiana law, from the Third-Party Defendant as it is without fault in this matter. The incident alleged by the Plaintiff was caused by the negligence and fault of the Third-Party Defendant and its employees for which DG Louisiana, LLC is not responsible. Third-Party Defendant, Hussman Corporation, manufactured, sold and installed a defective cooler with a defective compressor which was not installed properly and safely nor timely repaired.

XXII.

Defendant/Third-Party Plaintiff, DG Louisiana, LLC, reserves the right o amend and supplement this Third-Party Complaint.

**WHEREFORE**, Defendant/Third-Party Plaintiff, DG Louisiana, LLC respectfully prays that the Third-Party Complaint be granted with judgment in its favor against the named Third-Party Defendant, Hussman Corporation, and for all damages that are reasonable in the premises, including but not limited to any amount rendered in judgment to the Plaintiff, defense costs, indemnity and damages for breach of contract, and any other recovery allowed by law and for all general and equitable relief.

Respectfully Submitted:

**COURINGTON, KIEFER, SOMMERS,
MARULLO & MATHERNE, L.L.C.**

/s/ Daniel R. Estrada
KAYE N. COURINGTON (LSBA #18582)
DANIEL R. ESTRADA (LSBA # 26632) T.A.
STEVEN M. LOZES (LSBA #8922)
616 Girod Street
New Orleans, LA 70130
Telephone: (504) 524-5510
Facsimile: (504) 524-7887
kcourington@courington-law.com
destrada@courington-law.com
slozes@courington-law.com
**ATTORNEYS FOR DEFENDANT,
DG LOUISIANA, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of May, 2023, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Daniel R. Estrada