UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BYRON BARNES, SR.**                                 **CIVIL ACTION**

**VERSUS**                                                         **NO. 22-2179**

**DOLGENCORP, LLC., ET AL**                    **SECTION: "P" (5)**

## ORDER AND REASONS

Before the Court is an "Objection and Motion for Review/Appeal of Magistrate's March 22, 2023 Order"[1] filed on behalf of Medport LA, LLC ("Medport"). Medport, a medical factoring company, intervened in this action to object to a Motion to Compel and for Contempt[2] filed by DG Louisiana, LLC ("Dollar General") to obtain records and documents related to Medport's payment of medical charges arising from the treatment of Plaintiff Byron Barnes, Sr. ("Plaintiff"). Aggrieved by the magistrate judge's March 22, 2023 ruling ordering production of the records, Medport now appeals that ruling. The Court finds Medport has failed to meet its burden under applicable law, and Medport's objection and motion are **OVERRULED** and **DENIED**.

## BACKGROUND

On June 21, 2021, while shopping at a Dollar General store in Westwego, Louisiana, Plaintiff slipped and fell, allegedly because water had leaked from a cooler in Dollar General's cold foods section.[3] Plaintiff contends his fall was caused by the fault of Dollar General, and his injuries required extensive medical treatment that cost at least $355,587.24.[4]

---

[1] R. Doc. 76.

[2] R. Doc. 48.

[3] R. Doc. 1-1 at 2.

[4] Plaintiff's medical treatment included, among other things, a cervical and lumber fusion performed by neurosurgeon Dr. Peter Liechty at Harvard Surgery Center. In support of its Appeal, Medport attached the Affidavit of Doris Prancevic, the Chief Operating Officer of Canyon MB Holdings, LLC, the entity that is the majority member of Medport. *See* R. Doc. 60-1. Through Ms. Prancevic's affidavit, which was also part of the materials Medport submitted

Medport, a self-described "medical factoring company," purchases medical accounts from healthcare providers.[5] Medport purchased Plaintiff's medical accounts from One Spine Institute, Guardian Care, and Harvard Surgery Center ("the subject healthcare providers") for an undisclosed sum, but for less than the actual, billed medical charges.[6] The subject healthcare providers then assigned their lien rights and the right to receive payment for their total, billed charges to Medport.[7] Under what Medport describes as a "standard factoring arrangement,"[8] the subject healthcare providers have been paid, and Plaintiff now owes Medport the full, undiscounted amount of his medical charges because his healthcare providers assigned Medport the legal right to collect the full $355,587.24.[9]

Dollar General issued subpoenas to Plaintiff's healthcare providers seeking documents and records relating to the sale of Plaintiff's medical expense accounts to Medport.[10] When the subject healthcare providers failed to produce the records, Dollar General filed a motion for contempt and to compel production of the records.[11] Relying principally on *McClain v. Sysco New Orleans*,[12] but also citing a number of other cases from Louisiana's federal district courts, Dollar General argued in its motion to compel and for contempt that the records are relevant "to the issue of Bias

---

to the magistrate judge, Medport admits it holds $355,587.24 in accounts receivables related to medical care, testing, and/or medications provided to Plaintiff. *Id.* ¶ 11.

[5] R. Doc. 76-1 at 3.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] Included in this $355,587.24 are $200,620 in charges originally payable to Guardian Care and $112,975 formerly payable to One Spine Institute. R. Doc. 60-1, ¶¶ 6, 8.

[10] R. Doc. 48-3.

[11] R. Doc. 48.

[12] No. 19-cv-1801, 2020 WL 11028497 (E.D. La. July 17, 2020).

and Credibility."[13]  Dollar General also argued the records are relevant to determine whether Plaintiff incurred medical treatment in bad faith, failed to mitigate his damages, and whether Plaintiff's medical bills are accurate.[14]

On March 14, 2023, Medport moved to intervene in this action,[15] which this Court allowed.[16] Medport argued Dollar General was not entitled to what it contends are confidential records because records regarding the sale of Plaintiff's medical accounts are not relevant to Plaintiff's damages. Medport relied heavily on the Louisiana Supreme Court's decision in *George v. Progressive Waste Solutions of LA, Inc.*,[17] in which the Louisiana Supreme Court, using its supervisory jurisdiction to review a lower court ruling on a pretrial motion *in limine*, held that because the *George* record contained no evidence the plaintiff had been released from his obligation to pay his full medical charges, the defendant could not use a medical factoring agreement as the basis to seek reduction of plaintiff's medical damages. Medport also argued the records are not relevant regarding the issues of bias and credibility, and that Dollar General failed to show any relationship between the records and any claim of bias or issue of credibility. Finally,

---

[13] R. Doc. 48-2 at 4–7.

[14] *Id.* at 7–9. Dollar General argued that because: (1) Plaintiff's treating physicians were not of the unanimous opinion that Plaintiff was a surgical candidate, and (2) Plaintiff had access to health insurance through his employment, which Dollar General argued would have made his medical treatment less expensive, Mr. Barnes sought treatment from healthcare providers who sold their accounts to Medport, and, as a result, Mr. Barnes incurred treatment in bad faith and failed to mitigate his damages. According to Dollar General, the healthcare providers' business models created a bias that caused Plaintiff to seek unnecessary medical treatment in bad faith. Dollar General, citing a potential dispute between Alliance Medical Group and Harvard Surgery Center, argued it needed the records to determine whether Harvard Surgery Center's bills were accurate and legitimate. Because the issue before the Court is simply whether the magistrate judge committed clear error in ordering production of the records, this Court will limit its analysis to the issues to which the magistrate concluded the records were relevant, and thus discoverable, namely the potential bias and credibility of the treating physicians. The Court makes no determination, at this time, regarding the admissibility of the records regarding these or other potential bases.

[15] R. Doc. 52.

[16] R. Doc. 59. At the time of Medport's intervention, this action was pending in Section "I" before U.S. District Judge Lance Africk. It was later transferred to Section "P" on June 9, 2023. R. Doc. 94.

[17] 355 So.3d 583 (La. 2022).

Medport argued to the extent Dollar General relied on court decisions allowing discovery of similar records to show bias or credibility, those cases were wrongly decided.

On March 22, 2023, the magistrate judge granted Dollar General's motion to compel.[18] As to One Spine Institute and Harvard Surgery Center, the motion was granted as unopposed. With respect to Medport and Guardian Care,[19] the magistrate judge stated that most of the arguments raised by Medport related to admissibility and not discovery.[20] The magistrate judge found the records "relevant - at a minimum - to the potential bias of any health care provider who will testify at trial and whose accounts receivable have been purchased at a discount by Medport."[21] The magistrate judge also found Dollar General's requests were not disproportionate to the needs of the case, while recognizing that questions of admissibility would be left to the district judge.[22]

On April 6, 2023, Medport filed the instant "Objection and Motion for Review/Appeal of Magistrate's March 22, 2023 Order,"[23] to which Dollar General has filed an opposition.[24]

## LAW AND ANALYSIS

United States Magistrate Judges have the power to hear and determine pretrial matters as designated by the court.[25] In the Eastern District of Louisiana, certain pretrial motions, including all civil discovery motions, are automatically referred to the magistrate judge to whom the case is

---

[18] R. Doc. 67.

[19] While non-party Guardian Care, LLC did not intervene in this action, it filed a memorandum in opposition to Dollar General's motion. R. Doc. 49.

[20] R. Doc. 67.

[21] *Id.*

[22] *Id.*

[23] R. Doc. 76.

[24] R. Doc. 81.

[25] 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).

allotted.[26] A magistrate judge is afforded broad discretion in resolving non-dispositive pre-trial matters,[27] and a party who claims to be aggrieved by a magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling.[28] The district judge can only reverse the magistrate judge's ruling if it finds the ruling "is clearly erroneous or contrary to law."[29] A magistrate judge's finding is clearly erroneous only if it is implausible in light of the record considered as a whole.[30] To reverse the decision of the magistrate judge, the district court must be "left with the definite and firm conviction that a mistake has been committed,"[31] and a district court cannot reverse a magistrate judge's decision even if the district judge would have decided the issue differently.[32]

After a thorough review of the issues presented to the magistrate judge in connection with Dollar General's motion to compel, this Court, charged with the task of reviewing the magistrate judge's decision for clear error, finds no such error.

In deciding Dollar General's motion, in which Dollar General specifically argued the records are "relevant to the issue of bias and credibility,"[33] the magistrate judge found "at a minimum," the records are relevant to the "potential bias of any medical provider who will testify at trial and whose accounts receivable have been purchased at a discount by Medport."[34] Because

---

[26] LR 72.1.

[27] *Palmisano, LLC. v. N. Am. Capacity Ins. Co.*, No. 19-cv-12755, 2020 WL 1429857, at *1 (E.D. La. Mar. 24, 2020).

[28] FED. R. CIV. P. 72(a).

[29] 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).

[30] *Moore v. Ford Motor Co.*, 755 F.3d 802, 808 n.11 (5th Cir. 2014).

[31] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 375 (E.D. La. 2012).

[32] *Shaidnagle v. Adams Cnty., Miss.*, No. 5:13-cv-112, 2015 WL 72161, *2 (S.D. Miss. Jan. 6, 2015) (citing *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

[33] R. Doc. 48-2 at 4.

[34] R. Doc. 67.

the magistrate judge addressed only what he considered to be the minimum potential extent of the records' relevance, this Court, finding no clear error in the magistrate judge's decision, need not assess or analyze the records' potential relevance beyond what the magistrate judge decided.[35] When a party challenges a magistrate judge's order as contrary to law, as Medport does here, the magistrate judge must have erred in some respect in his legal conclusion; and to prevail in this appeal, Medport must show, not that the magistrate judge could have exercised his discretion to rule in its favor, but rather that Medport is actually entitled to a ruling in its favor as a matter of law.[36] Medport cannot meet this burden.

Medport relies heavily on the Louisiana Supreme Court's *George* decision, which Medport argues is fully dispositive of the issues in this appeal. *George,* however, addressed whether the existence of a medical factoring agreement precludes a plaintiff from recovering her full-billed medical charges.[37] *George* makes clear that when a plaintiff's healthcare providers sell the plaintiff's medical accounts, and assign the right to collect the full balance of those accounts to a medical factoring company, this arrangement cannot, in isolation, reduce the plaintiff's recovery to a sum less than the billed charges.[38] In this case, relying on numerous Louisiana federal court

---

[35] In other words, even if this Court might see how the scope of relevance could exceed the ambit identified by the magistrate judge, in deciding the whether the magistrate judge was clearly wrong in its ruling, the district court need not identify all the additional reasons why the magistrate judge's ruling may be correct.

[36] *United States v. Miss.*, No. 3:16-cv-622, 2019 WL 13169203, at *2 (S.D. Miss. Apr. 24, 2019).

[37] *See George*, 355 So.3d 583.

[38] *Id.* at 590. Medport, in rather aggressive briefing to this Court, argues the magistrate judge "completely ignored" the Louisiana Supreme Court's decision in *George*, and that *George* "conclusively held" the information sought was not "discoverable." R. Doc. 76-1 at 6. First, there is no basis to conclude the magistrate judge "completely ignored" *George*. The magistrate judge, like this Court, may have carefully considered *George* and found it generally inapplicable to the *discoverability* of the subject records when he was deciding Dollar General's motion. Moreover, contrary to Medport's assertion that *George* "conclusively held" the information sought was not "discoverable," *George,* in fact, held no such thing. *George* was not a discovery case. It was a decision on a supervisory writ application to the Louisiana Supreme Court on the issue of whether the Louisiana state district court had erred in granting the defendant's motion *in limine* to exclude from evidence the full amount of medical bills charged for plaintiff's injuries in a personal injury lawsuit. *George*, 355 So.3d at 584. Indeed, the Louisiana Supreme Court's decision in *George* arose "[a]fter the parties engaged in initial discovery" with respect to a pretrial motion *in limine*.

decisions, the magistrate judge held that documents related to medical factoring agreements can be *discoverable*: (1) if the records are relevant to a party's claims or defenses, and (2) if the record request is proportional to the needs of the case.[39]

*George*, decided after the discovery stage, does not preclude the discovery of documents related to a medical factoring agreement between a healthcare provider and a medical factoring company when those records are being sought to show potential bias on the part of the plaintiff's healthcare providers. *George* does not hold that defendants are precluded from obtaining medical factoring records in discovery. *George* also does not hold that admissible evidence, used to show bias or impeach the credibility of trial witnesses, must be excluded because the evidence comes from documents related to a medical factoring transaction.

In support of its motion to compel,[40] Dollar General asked the magistrate judge to order production of the subject healthcare providers' records because they are relevant to the issues of bias and credibility. The magistrate judge found the records relevant to the "potential bias of any medical provider who will testify at trial and whose accounts receivable have been purchased at a discount by Medport."[41] Based upon a well-established line of cases supporting his decision, this Court cannot hold, under the applicable standard, that the magistrate judge's decision was clearly wrong. Moreover, the Court finds Dollar General made a sufficient showing before the magistrate judge that these healthcare provider records are relevant in this particular case.

---

*Id*. at 586. The Court finds no evidence that the magistrate judge was "unfair" or "aggrieved," as Medport maintains. *See* R. Doc. 76.

[39] *See* R. Doc. 67 at 1–2 (citing *Bowling v. Brown*, No. 21-cv-2346, 2021 WL 3666848 (W.D. La. Aug. 18, 2021); *McClain v. Sysco*, No. 19-cv-1801, 2020 WL 11028497 (E.D. La. July 17, 2020); *Collins v. Benton*, No. 18-cv-7465, 2019 WL 6769636 (E.D. La. Dec. 12, 2019); *Thomas v. Chambers*, No. 18-cv-4373, 2019 WL 8888171 (E.D. La. May 15, 2019)).

[40] R. Doc. 48-2 at 4.

[41] R. Doc. 67.

In *Thomas v. Chambers*,[42] another section of this Court concluded defendants could not use a medical factoring agreement to limit plaintiffs' recovery to the discounted rate paid by the factoring company. There, the Court found, "[b]ecause plaintiffs have not actually received a benefit from the discount negotiated between the third-party funding companies and the healthcare providers, defendants cannot subtract that discount from a hypothetical damage award to plaintiffs."[43] Notwithstanding this conclusion, however, the Court also found that medical factoring evidence could be admitted to show potential bias on the part of the treating physicians and would be "admissible to impeach the credibility of plaintiffs' treating physicians who testify."[44]

In the recent case of *Reed v. United States*,[45] a case decided after *George*, another Louisiana federal district court denied the defendant's motion *in limine* that sought to exclude evidence regarding the total amount billed to the plaintiff by his medical providers to the extent that amount was greater than the amount the medical providers accepted as payment in full from third-party funding companies. In other words, the Court found that the plaintiff was allowed to introduce evidence of the full amount charged to him by his medical providers to prove his damages.[46] Recognizing the decisions in *Robert*, *McClain*, *Thomas*, and *Collins*, however, the Court also held that, assuming a proper foundation would be laid, the defendant could offer evidence of the

---

[42] No. 18-cv-4373, 2019 WL 8888171 (E.D. La. May 15, 2019).

[43] *Id*. at *3 (citing *Whitley v Pinnacle Entm't, Inc. of Del*., No. 15-cv-595, 2017 WL 1051188, at *1–2 (W.D. La. Mar. 20, 2017)).

[44] *Id*. at *4. This Court, like the *Thomas* Court, can certainly envision how a medical factoring agreement could create incentives that, in turn, affect the testimony of the treating physicians, but the only issue before this Court is whether the magistrate judge committed clear error in ordering production of the records. As such, the *Thomas* analysis, which goes beyond mere discoverability and addresses admissibility, provides a strong basis for the magistrate judge's ruling on the motion to compel, and is fatal to Medport's argument that the magistrate erred as a matter of law.

[45] No. 6:20-cv-01354, 2023 WL 5938802 (W.D. La. Sept. 12, 2023).

[46] *Id*. at *3.

8

financial arrangement between a third-party funding source and plaintiff's healthcare providers on the issues of causation, bias, and credibility.[47]

Considering the totality of the circumstances in this case, and with an eye toward justice and fairness to all concerned, this Court, reserving the question of admissibility of the subject records at the trial of this case, cannot say the magistrate judge was wrong in finding the records relevant, and thus discoverable, regarding the "potential bias of any medical provider who will testify at trial and whose accounts receivable have been purchased at a discount by Medport."

The Court also finds no clear error in the magistrate judge's determination that Dollar General's requests are proportionate to the needs of the case.[48] To determine whether discovery is proportional to the needs of a case, the parties and the court must take into account certain proportionality considerations.[49] Rule 26 counsels that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Turning to the instant case, the Court finds: (1) the potential bias or credibility of the healthcare providers who sold Plaintiff's medical account balances to a medical factoring company for an amount the medical factoring company now wants to keep secret is an important issue; (2) the amount in controversy in this case is substantial; (3) the parties' relative access to the information supports production of the records to Dollar General; (4) the requested documents are

---

[47] *Id.*

[48] R. Doc. 67 at 2.

[49] *See* FED. R. CIV. P. 26(b)(1); *Vinet v. BP Expl. & Prod. Inc.*, No. 18-cv-9527, 2019 WL 3574294, at *4 (E.D. La. Aug. 6, 2019).

important to resolving the issues; and (5) the burden and expense of production do not outweigh the benefit in this case.

Because healthcare providers routinely provide records and information regarding patient treatment and billing in the context of litigation, the Court cannot say the magistrate judge committed clear error in finding Dollar General's request proportionate to the needs of the case, particularly in light of the showing made by Medport before the magistrate judge. "The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information is important to resolve the issues in the case should be able 'to explain the ways in which the underlying information bears on the issues as that party understands them.'"[50] The objecting party bears the burden of making a specific objection and showing that the discovery does not satisfy "Rule 26's proportionality calculation by coming forward with specific information to address the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[51] The Court finds Dollar General met its burden on this issue before the magistrate judge while Medport failed to meet its burden, and, as such, the Court can find no clear error in the magistrate's decision.

Finally, Medport contends the magistrate judge failed to protect the interests of third parties like Medport from "unruly discovery because the burden of proportionality is much higher when moving parties seek discovery from third-parties."[52] While it is true third parties are afforded

---

[50] *Lou v. Lopinto*, No. 21-cv-80, 2022 WL 1447554, at *4 (E.D. La. Mar. 4, 2022) (quoting Fed. R. Civ. P. 26 advisory committee's notes to 2015 amendment).

[51] *Id.* (citing *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 2016)).

[52] R. Doc. 76-1 at 2.

greater protection when facing discovery requests, in this case, considering the totality of the circumstances, the Court finds no error in the magistrate judge's decision. Healthcare providers who treat persons who are seeking damages in personal injury cases are frequently called upon to participate in the discovery process and to serve as testifying witnesses. The Court does not find it unduly burdensome to compel the production of these records to Dollar General, after the healthcare providers sold Plaintiff's medical accounts to Medport for less than the billed charges, while fully preserving the plaintiff's (and potentially Dollar General's) obligation to satisfy those charges. Under these circumstances, the Court finds no error in the magistrate judge's decision to grant Dollar General's motion to compel.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Medport's Objection and Motion for Review/Appeal of Magistrate's March 22, 2023 Order are **OVERRULED** and **DENIED**.

New Orleans, Louisiana this 9th day of November 2023.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**